UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

JUSTIN D. GUERRIERO                         CIVIL ACTION

VERSUS

AMERICAN NATIONAL PROPERTY                  No. 10-98-RET-SCR
AND CASUALTY COMPANY

## RULING ON DEFENDANT'S MOTION TO ENFORCE AND TO COMPEL RESPONSE TO SUBPOENA DUCES TECUM

This matter is presently before the Court on a Motion to Enforce and to Compel Response to Subpoena Duces Tecum (Doc. No. 1) filed by Defendant, American National Property and Casualty Company ("ANPAC"). The Motion is currently unopposed. The Court, having reviewed the record and the law, now concludes that the defendant's Motion should be **DENIED** for the following reasons.

The instant Motion arises from a suit currently pending in the Western District of Louisiana.[1] On September 20, 2010, the Western District of Louisiana issued a scheduling order setting a deadline of November 24, 2010, for completion of discovery and filing of all motions to compel. On November 8, 2010, ANPAC issued a subpoena from this Court commanding United States Life Insurance Company, Plaintiff's alleged employer, to produce records and documents at an office in Metairie, Louisiana. When Plaintiff failed to respond to

---

[1] See W.D. La. 09-cv-01846.

the subpoena by November 22, 2010, Defendant filed the instant Motion seeking to compel Plaintiff to respond to the subpoena. The subpoena is facially invalid, however, and cannot be enforced by this Court.

Rule 45(a)(2)(C) of the Federal Rules of Civil Procedure reads, in pertinent part, as follows:

> A subpoena must issue as follows:
> * * *
> (C) for production or inspection, if separate from a subpoena commanding a person's attendance, **from the court for the district where the production** or inspection **is to be made**. (Emphasis added).

The subpoena in this case commands the custodian of records for United States Life Insurance Company to produce records or documents at 3850 N. Causeway Boulevard, Suite 1100, Metairie, Louisiana. Because the foregoing address is located within the Eastern District of Louisiana, the subpoena issued from the wrong court. Since the subpoena is facially invalid under Rule 45(a)(2)(C), this court has no authority to enforce it.[2] The proper procedure in this matter would have been for the subpoena to issue from the Eastern District of Louisiana, and any motion compelling the production or deposition on written questions to be filed in that court, pursuant to Fed.R.Civ.P. 37(a)(2).[3] Therefore, Defendant's motion to compel will be denied.

---

[2] See **Apache Corp. v. Globalsantafe Drilling Co.**, 2009 WL 872893 (W.D. La. 2009); **Stewart v. American Family Mut. Ins. Co.**, 2008 WL 440331 (E.D. La.2008); **James v. Booz-Allen & Hamilton, Inc.**, 206 F.R.D. 15 (D.C. 2002).

[3] "A motion for an order to a party must be made in the court where the action is pending. A motion for an order to a nonparty must be made in the court where the discovery is or will be taken."

Accordingly, for the foregoing reasons assigned,

IT IS ORDERED that the Motion to Enforce and to Compel Response to Subpoena Duces Tecum (Doc. No. 1) filed by Defendant, ANPAC, is **DENIED**.

Baton Rouge, Louisiana, this 29th day of November, 2010.

**RALPH E. TYSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**